JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WANDA TATE-LINTON

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JAMES M. DUCKWORTH, ESQUIRE
KELLER & GOGGIN, P.C., 1528 WALNUT STREET, SUITE 900
PHILADELPHIA, PA 19102 (215) 735-8780

## DEFENDANTS
NEW JERSEY TRANSIT RAIL OPERATIONS, INC., AND JAMES HOLLINGER NEW JERSEY TRANSIT RAIL OPERATIONS INC.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☒ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FEDERAL EMPLOYER LIABILITY ACT, SEX DISCRIMINATION IN EMPLOYMENT
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 07/03/2014
SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WANDA TATE-LINTON<br>3501 Woodhaven Road<br>Philadelphia, PA 19154<br><br>vs.<br><br>NEW JERSEY TRANSIT RAIL<br>OPERATIONS, INC. (NJTRO)<br>One Penn Plaza East<br>Newark, NJ  07105-2246<br><br>vs.<br>JAMES HOLLINGER<br>NEW JERSEY TRANSIT RAIL<br>OPERATIONS, INC.<br>One Penn Plaza East<br>Newark, NJ 07105-2246 | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiff, Wanda Tate-Linton alleges:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court over the subject matter of this action is predicated on 42 U.S.C. Section 2000e-5(f)(3), 28 U.S.C. Section 1331, diversity between Plaintiff and Defendant NJTRO, and principles of pendent jurisdiction over cases arising under federal law.

2. Venue is proper in the Eastern District of Pennsylvania pursuant to 45 U.S.C. Section 56, because NJTRO has significant business operations within the Eastern District.

### PARTIES

3. Plaintiff Wanda Tate-Linton is and at all times mentioned herein was an African-American female residing in the County of Philadelphia, Commonwealth of Pennsylvania and was employed by defendant New Jersey Transit Rail Operations, Inc.

4. Defendant New Jersey Transit Rail Operations, Inc. (hereinafter referred to as "NJT").

1

is and at all times was a corporation that employed fifteen or more employees for 20 or more weeks each calendar year and was engaged in interstate commerce within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e.

5. Defendant NJTRO operates a passenger railroad in and between the states of Pennsylvania, New York and New Jersey and is subject to the provisions of the Federal Employers' Liability Act 45 U.S.C. Section 51 *et seq*.

6. Defendant James Hollinger, is an employee of New Jersey Transit Rail Operations, Inc., whose activities subject to this complaint occurred while working for NJTRO on NJTRO's property.

7. Plaintiff is informed and believes, and based thereon alleges that each defendant is the agent, servant, employee, successor in interest, co-conspirator, and/or alter ego of every other defendant, and that, in doing the acts alleged herein, each defendant acted as the agent of and with the consent, knowledge, authorization, and/or ratification of every other defendant herein.

8. Plaintiff is informed and believes and based thereon alleges that defendant was in some manner intentionally and/or negligently and legally responsible for the events and happenings alleged in this Complaint and for plaintiff's injuries and damages.

## FACTS

## FIRST CAUSE OF ACTION

### (Federal Employers' Liability Act, U.S.C.A. Title 45, Sec 51 et seq.)

### Plaintiff v. Defendant, NJTRO

9. Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 8 inclusive, and incorporates the same by reference as though set forth fully herein.

10. The action arises under the Act of Congress, April 22, 1908, c. 149, 35 Stat. 65, and amendments thereto, U.S.C.A. Title 45, Sec 51 et seq., and further amended by the Act of Congress, approved by the President of the United States on August 11, 1939, Chapter 685 - First Session of the 76th Congress, known and cited as "The Federal Employers' Liability Act"

11. All the acts alleged to have been done or not to have been done by the Defendant were done or not done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of its employment for and on behalf of the Defendant.

12.     At all time material hereto, Plaintiff was employed by Defendant and was subjected to harmful, illegal and improper sexual discrimination by, among other things, her supervisor, a senior employee of Defendant NJTRO, repeatedly engaged in unwarranted and unjustified conduct by surreptitiously taking photographs up Plaintiff's skirt without her permission.

13.     Plaintiff reported Defendant Supervisor Hollinger's misconduct to other senior employees of Defendant who did not properly report or remedy the situation.

14.     Plaintiff was subjected to retaliation when it became known to Defendant Supervisor Hollinger that Plaintiff was making inquiries as to her right to be free from such unwarranted and unjustified behaviors.

13.     The negligence and carelessness of the Defendant consisted of the following, inter alia:

    a)     Failing to provide Plaintiff with a safe place to work;

    b)     Failing to keep the workplace free from sexual intimidation and harassment, sexual abuse;

    c)     Negligent failure to provide a workplace free of tortious interference with her body and person;

    f)     Negligent failure to supervise managerial employees so as to provide her with a workplace free of tortious physical contact with her body and menaces to her person;

    g)     Intentional infliction of emotional distress in allowing Defendant Hollinger's conduct to exist and persist;

    h)     Negligent infliction of emotional distress in allowing Defendant Hollinger's conduct to exist and persist;

## SECOND CAUSE OF ACTION

**(Sex Discrimination in Employment, 42 U.S.C. Section 2000e, et seq.)**

**Plaintiff v. all Defendants**

14. Plaintiff repeats and realleges the allegations contained in paragraphs 1 - 13 inclusive, and incorporates the same by reference as though set forth fully herein.

15. In July 2012, Plaintiff was subjected to a caustic, hostile, and illegal work environment where sexual harassment was open, pervasive and of such severity that employees and management could not have been unaware of the illegal activities taking place.

16. Plaintiff was repeatedly and improperly the subject of a number of upskirt photographs surreptitiously taken by co-worker James Hollinger, a NJTRO supervisor, who was popular and friendly with management and other workers.

17. The conduct was reported to several senior employees of Defendant without remedy, discipline or avail.

18. Plaintiff was then subject to retaliation by her supervisor after he learned that Plaintiff sought information about protecting herself from Defendant Hollinger's abuses.

19. Plaintiff has been forced to take a number of days off to deal with the trauma stemming from Defendants' misconduct which has caused and may cause future financial harm.

20. Defendants' engaged in serious misconduct which may have caused serious emotional and financial harms with physical manifestations, all or some of which may be permanent in nature.

21. Defendant, directly and through employees and agents, subjected plaintiff to unlawful sexual harassment in violation of Title VII of the Civil Rights Act, 42 U.S.C. Section 200e et seq., in that plaintiff's acceptance of harassment by defendant was an express and implied condition to the receipt of certain job benefits, and defendant's harassment of plaintiff was the cause of tangible job detriments to plaintiff.

22. The acts described above also created a hostile and sexually offensive working environment for plaintiff.

23. Plaintiff has exhausted all administrative remedies.

24. As a direct and proximate result of defendant's actions, plaintiff has suffered and will continue to suffer emotional distress, consisting of outrage, shock, humiliation, and psychological trauma, reasonably occurring and likely to occur based on the sexual harassment she experienced and defendant's failure to take prompt and appropriate remedial action; and she has

suffered and will continue to suffer a loss of earnings and employment benefits and job opportunities.

25. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

26. Defendant's conduct as alleged herein was committed maliciously, fraudulently, and oppressively with the wrongful intention of injuring plaintiff, and defendant acted with an improper and evil motive amounting to malice.

27. Alternatively, defendants' despicable conduct was carried out in conscious disregard of plaintiff's rights.

28. As a result of defendants' conduct, plaintiff is entitled to recover punitive damages in an amount commensurate with the wealth of defendant.

WHEREFORE, plaintiff demands judgment in excess of $175,000.00 as follows:

1. For compensatory damages and general damages according to proof at trail
2. For attorneys fees pursuant to statute and costs of suit
3. Prejudgment interest on all amounts claimed
4. Such other and further relief as the Court deems just and proper

DATE: July 3, 2014

**KELLER & GOGGIN, P.C.**

By: _____
JAMES M. DUCKWORTH, ESQUIRE
PA Attorney I.D. No. 83017
Suite 900, 1528 Walnut St.
Philadelphia, PA  19102
(215) 735-8780
Attorney for Plaintiff

DEMAND FOR JURY TRIAL

    Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATE: July 3, 2014

                                          **KELLER & GOGGIN, P.C.**

                                        By: _____
                                            JAMES M. DUCKWORTH, ESQUIRE
                                            PA Attorney I.D. No. 83017
                                            Suite 900, 1528 Walnut St.
                                            Philadelphia, PA   19102
                                            (215) 735-8780
                                            Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| WANDA TATE-LINTON : <br> v. : <br> NEW JERSEY TRANSIT RAIL : <br> OPERATIONS INC.   v. : <br> JAMES HOLLINGER NJTRO | CIVIL ACTION <br><br> NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

___JULY 3, 2014___   ___JAMES M. DUCKWORTH___   ___WANDA TATE-LINTON___
**Date**                       **Attorney-at-law**                       **Attorney for**

___215-735-8780___   ___215-735-5126___   ___jduckworth@keller-goggin.com___
**Telephone**           **FAX Number**           **E-Mail Address**

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 351 WOODHAVEN ROAD, PHILADELPHIA, PA 19154

Address of Defendant: ONE PENN PLAZA EAST, NEWARK, NJ 07105

Place of Accident, Incident or Transaction: _____
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐    No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐    No ☒

RELATED CASE, IF ANY:
Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐    No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☒ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, JAMES M. DUCKWORTH, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: JULY 3, 2014    JAMES M. DUCKWORTH    83017
                      Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: JULY 3, 2014    JAMES M. DUCKWORTH, ESQ.    83017
                      Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)