IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WANDA TATE-LINTON : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 14-4084 |
| NEW JERSEY TRANSIT RAIL OPERATIONS, INC. : | |
| and JAMES HOLLINGER : | |

**NORMA L. SHAPIRO, J.**                                                              **APRIL 21, 2015**

## MEMORANDUM

Before the court are the joint Motion to Dismiss for Failure to State a Claim (paper no. 17) of defendants New Jersey Transit Rail Operations, Inc. ("NJTRO") and James Hollinger ("Hollinger"), Exhibits in Support of Motion to Dismiss (paper no. 18), and plaintiff Wanda Tate-Linton's Response in Opposition (paper no. 21). Defendants' motion to dismiss is granted, in part. Plaintiff's claim under Title VII of the Civil Rights Act of 1964 ("Title VII") is dismissed as untimely.

### I.     BACKGROUND

NJTRO employs plaintiff as an auditor. Plaintiff claims her supervisor, Hollinger, attempted to take photographs under plaintiff's skirt without her consent. After plaintiff reported Hollinger to senior employees of NJTRO, Hollinger allegedly retaliated against plaintiff through harassment and unwarranted discipline and NJTRO allegedly took no action.

On July 3, 2014, plaintiff filed a complaint alleging discriminatory conduct violating Title VII and the Federal Employers' Liability Act and constituting an intrusion upon seclusion under New Jersey law.

Before pursuing a Title VII gender discrimination claim in federal court, a plaintiff must exhaust administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), obtaining notice of right to sue, and filing the action within ninety days after receipt of notice. *Seredinsky v. Clifton Precision Prods. Co., Div. of Litton Sys., Inc.*, 776 F.2d 56, 61 n.5 (3d Cir. 1985).

Plaintiff did not attach a copy of notice of right to sue to her complaint. According to plaintiff, she never received notice and she filed this action without seeing it.

At the evidentiary hearing, the Director of the EEOC Newark office was deposed by telephone. The EEOC produced a copy of plaintiff's notice, dated April 12, 2013. Records show notice was

timely mailed to plaintiff and NJTRO and was not returned as undeliverable.

Plaintiff and her daughter testified that plaintiff never received notice.  They stated they wrote, called, and visited the EEOC Newark office to check on the status of plaintiff's claim.  Plaintiff does not claim notice was stolen or lost in the mail.

Defendants presented two witnesses, plaintiff's co-workers, who testified that records state NJTRO received a copy of plaintiff's notice from the EEOC on April 15, 2013.  NJTRO's copy was stamped separately by both witnesses as received on April 15, 2013.

The court ordered the EEOC to produce business logs after plaintiff provided the EEOC with dates of plaintiff's or her representative's visits to the EEOC Newark office.  Plaintiff has not provided dates, and more than three months have passed since the evidentiary hearing.  The EEOC has not produced business logs.

## II.     DISCUSSION

There is a rebuttable presumption that a plaintiff received notice of right to sue three days after the EEOC mailed it.  *Seitzinger v. Reading Hosp. & Med. Ctr.,* 165 F.3d 236, 239 (3d Cir. 1999). Plaintiff has the burden of rebutting this presumption.  *Olan v. RR Donnelley & Sons Co.*, No. 07-03209, 2007 WL 2997967, at *2 (E.D. Pa. Oct. 11, 2007).

Witness testimony establishes that notice was mailed by the EEOC on or about April 12, 2013. Plaintiff fails to offer an explanation for why she supposedly never received notice and instead offers self-serving claims.  Plaintiff has not provided evidence to rebut the presumption that she received notice three days after the EEOC mailed it.

It is possible plaintiff ignored or forgot about the notice.  Plaintiff's testimony to the contrary is incredible.  It is possible plaintiff did not want to hire an attorney, so she resorted to personal EEOC contact.  She may have then engaged an attorney who obtained a copy of the notice.

It is presumed plaintiff received notice of right to sue on or about April 15, 2013.  Plaintiff was required to file this action within ninety days after receipt.  *Seredinsky,* 776 F.2d at 61 n.5.  Plaintiff filed this action over fourteen months after April 15, 2013.  Plaintiff's Title VII claim is untimely.

## III.    CONCLUSION

Defendants' Motion to Dismiss for Failure to State a Claim (paper no. 17) is granted, in part. Plaintiff's claim under Title VII is dismissed as untimely.  An appropriate Order follows.