IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WANDA TATE-LINTON : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 14-4084 |
| NEW JERSEY TRANSIT RAIL OPERATIONS, INC. : | |
| and JAMES HOLLINGER : | |

**NORMA L. SHAPIRO, J.**                                                              **APRIL 21, 2015**

<u>MEMORANDUM</u>

The court has dismissed plaintiff's Title VII of the Civil Rights Act of 1964 claim as untimely. Plaintiff has two remaining claims: a claim under the Federal Employers Liability Act ("FELA") and an intrusion upon seclusion claim under New Jersey law.

I.     BACKGROUND

Defendant New Jersey Transit Rail Operations, Inc. ("NJTRO") employs plaintiff as an auditor. Plaintiff claims her supervisor, defendant James Hollinger ("Hollinger"), attempted to take photographs under plaintiff's skirt without her consent. After plaintiff reported Hollinger to senior employees of NJTRO, defendants allegedly retaliated against plaintiff through harassment and unwarranted discipline.

Despite dismissal of plaintiff's Title VII claim, the court retains jurisdiction under 28 U.S.C. § 1331 based on plaintiff's FELA claim. Personal jurisdiction is uncontested.

Plaintiff lives in Philadelphia and NJTRO conducts business in this district. However, plaintiff works for NJTRO in Newark, New Jersey, where all events took place and witnesses are located. Plaintiff brings an intrusion upon seclusion claim of first impression under New Jersey law. The court permitted briefing on transfer under 28 U.S.C. § 1404(a).

II.     DISCUSSION

For the convenience of parties and witnesses and in the interest of justice, a district court may transfer a civil action to any district where it might have been brought. 28 U.S.C. § 1404(a). Among the factors the court balances when considering a § 1404(a) transfer are: (1) plaintiff's choice of forum; (2) defendant's preferred forum; (3) where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties as demonstrated by relative financial status and location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses;

1

(8) the enforceability of the judgment; (9) practical problems that could make trial expensive and inefficient; (10) the relative administrative difficulty in the two fora resulting from court congestion; (11) the local interest in deciding local controversies at home; and (12) the public policies of the fora. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

Seven factors favor transfer: (1) plaintiff's claims arose in Newark; (2) New Jersey is not inconvenient for the witnesses, who work in Newark; (3) access to sources of proof is easier in New Jersey, where all events occurred and all witnesses work; (4) trial in this district would be relatively costly and inefficient because all events occurred and all witnesses work in Newark; (5) New Jersey is not inconvenient for the parties in terms of cost or distance because plaintiff and Hollinger work in Newark and NJTRO's principal place of business is Newark; (6) although Pennsylvania has an interest in seeing that its citizen's injuries are redressed, New Jersey has a stronger interest in resolving controversies regarding public employees and a large public employer based in the state and in interpreting its own law on intrusion upon seclusion; and (7) New Jersey has a statutory policy prohibiting the conduct plaintiff alleges.

Four factors are neutral: (1) defendants have no forum preference; (2) the District of New Jersey and this district can compel the witnesses to appear; (3) a judgment from the District of New Jersey would be as enforceable as a judgment from this district; and (4) there is no evidence of relative administrative difficulty arising from court congestion in the two fora.

One factor weighs against transfer: (1) plaintiff filed her action in this district. Plaintiff's choice of this forum is considered and weighed, but it is not dispositive. *Jumara*, 55 F.3d at 879-880.

The balance of factors weighs strongly in favor of transferring this action to the District of New Jersey.

### III.    CONCLUSION

In the interest of the administration of justice, the court will transfer the remaining claims in this action to the U.S. District Court for the District of New Jersey under 28 U.S.C. § 1404(a). An appropriate Order follows.