UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WANDA TATE-LINTON,<br><br>                Plaintiff,<br><br>v.<br><br>NEW JERSEY TRANSIT RAIL OPERATIONS, INC. (NJTRO) and JAMES HOLLINGER,<br><br>                Defendants. | No. 15–cv–2876 (KM)(MAH)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion (ECF No. 37) of defendants New Jersey Transit Rail Operations, Inc. ("NJTRO") and James Hollinger to dismiss the third count of the second amended complaint ("2AC") (ECF No. 16) of the plaintiff, Wanda Tate-Linton, for failure to bring the claim within the limitations period pursuant to Fed. R. Civ. P. 12(b)(6). I find that the limitations question requires information outside the complaint for resolution. Accordingly, the motion to dismiss the third count of the 2AC is **DENIED,** albeit without prejudice to raising the statute of limitations issue at the summary judgment stage.

    **I.    BACKGROUND**

Plaintiff Wanda Tate-Linton is a Pennsylvania resident employed by the NJTRO. (2AC ¶ 3) Defendant NJTRO operates a passenger railroad between Pennsylvania, New York, and New Jersey. (2AC ¶ 5) Defendant James Hollinger is an NJTRO employee and was Ms. Tate-Linton's supervisor. (2AC ¶¶ 6, 17) Ms. Tate-Linton alleges, *inter alia*, that Mr. Hollinger took photographs up her skirt without her permission. (2AC ¶¶ 17, 23, 37)

In the 2AC, Ms. Tate-Linton repeats her two claims from the earlier complaints: Count 1 under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq., and Count 2 for sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e. (2AC ¶¶14–35) She also adds a third claim of "Intrusion upon seclusion under New Jersey Law." (2AC ¶¶ 36–40; *see also* Original Complaint (ECF No. 1); First Amended Complaint (ECF No. 11))

In alleging the third claim, Ms. Tate-Linton claims that "[b]etween June 2010 and July 2011 Defendant James Hollinger without authorization intentionally invaded the private affairs of Plaintiff by taking photographs up Plaintiff's skirt, capturing images of her genitals, underwear, buttocks and thighs and/or otherwise an invasion of her private affairs." (2AC ¶¶ 37) In other sections of the 2AC, she uses the dates "from June 2010 through October 2012" (2AC ¶ 8), although these date ranges include claims of retaliatory actions that are not the subject of count three.

Defendants have moved to dismiss count three as being outside the two year limitations period for a tort claim of intrusion upon seclusion. (Def Br. § III.B (ECF No. 37)) Ms. Tate-Linton filed her original complaint on July 3, 2014, and her 2AC on November 14, 2014. (*See* ECF Nos. 1, 16) She argues in opposition to the motion that the 2AC relates back to the date of the original complaint, which contained enough information to put Mr. Hollinger on notice of the new claim. (Pl Opp. § IV (ECF No. 38)) Ms. Tate-Linton also submits that the 2AC contained a typo in paragraph 37, which alleged a date range between June 2010 and July 2011, but should have used a date range between June 2011 and July 2012. (Pl Opp. 3 ¶ 11)

## II.  Procedural History

Ms. Tate-Linton filed the original complaint on July 3, 2014, in the United States District Court for the Eastern District of Pennsylvania, and amended it twice. Defendants filed a motion to dismiss the 2AC in that court (ECF No. 17) District Judge Norma L. Shapiro granted the motion as to the

Title VII count (count two) and dismissed it as untimely. *Tate-Linton v. New Jersey Transit Rail Operations, Inc.*, No. CIV 14–4084, 2015 WL 1822298 (E.D. Pa. Apr. 21, 2015) (ECF Nos. 25, 26). Judge Shapiro filed a separate opinion on the same day transferring the remainder of the case (*i.e.*, counts one and three) to this district under 28 U.S.C. § 1404(a). *Tate-Linton v. New Jersey Transit Rail Operations, Inc.*, No. CIV 14–4084, 2015 WL 1822494 (E.D. Pa. Apr. 21, 2015); (ECF Nos. 27–28). Defendants then filed the motion to dismiss that is now before this Court. Although serial motions to dismiss are somewhat irregular, in light of the unusual procedural history I will consider the current motion.

### III.  DISCUSSION

#### A. Standard of Review

Defendants move to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). To state a valid claim for relief under Rule 12(b)(6), the complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed R. Civ. P. 8(a).

For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *N.J. Carpenters & the Trs. Thereof v. Tishman Const. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014). Fed. R. Civ. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 555, 570; *see also W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169 (3d Cir. 2013).

From the seminal modern cases of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Third Circuit has extracted a three-step process for reviewing a complaint:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. *See* [*Iqbal*, 556 U.S.] at 675; *Argueta*, 643 F.3d at 73. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *Argueta*, 643 F.3d at 73. This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

A statute of limitations defense in many cases must await summary judgment. "Under Fed. R. Civ. P. 8(c), the statute of limitations constitutes an affirmative defense to an action. Under the law of this and other circuits, however, the limitations defense may be raised on a motion under Rule 12(b)(6), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'" *Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)); *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Bethel*, 570 F.2d at 1174.

## B. Analysis

### 1. Amendment of the date range

Ms. Tate-Linton submits that the 2AC contains an inadvertent or typographical error: at paragraph 37, the date range "[b]etween June 2010 and July 2011" should read "[b]etween June 2011 and July 2012." I will construe

4

that as a motion to amend the complaint under Federal Rule of Civil Procedure 15(a). (Pl Opp. 3 ¶ 11)

In their reply brief, defendants challenge the veracity of Ms. Tate-Linton's claim that this was a scrivening error. They attach exhibits supporting the original date range of June 2010 through July 2011, and challenge exhibits provided by Ms. Tate-Linton to support the corrected range. (Def Reply and Exs. (ECF Nos 39 to 39–2); Pl Opp. and Exs. (ECF Nos. 38 to 38–1)) This challenge requires an analysis of evidence from outside of complaint, inappropriate on a motion to dismiss. *See In re Asbestos Products Liab. Litig. (No. VI)*, 822 F.3d 125, 133–34 & n.7 (3d Cir. May 16, 2016). Whether Ms. Tate-Linton can *prove* her assertion that the conduct extended into July 2012 is a separate issue; I will permit her to allege it. I will grant the motion to amend and analyze the statute of limitations claim using the corrected date range of June 2011 to July 2012.

### 2. Relation back

The last allegation of intrusion upon seclusion dates from July 2012; the 2AC was filed more than two years later, on November 14, 2014. Count three would therefore be untimely unless it is saved by relation back to the date of filing of the original complaint on July 3, 2014.

Federal Rule of Civil Procedure 15(c) governs relation back:

(c) Relation Back of Amendments.

(1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:

...

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading

Fed. R. Civ. P. 15(c). "[A]pplication of Rule 15(c) involves a search for a common core of operative facts in the two pleadings. As such, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." *Bensel v. Allied Pilots Ass'n*,

5

387 F.3d 298, 310 (3d Cir. 2004). "Put another way, the underlying question for a Rule 15(c) analysis is whether the *original* complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint." *Glover v. F.D.I.C.*, 698 F.3d 139, 146 (3d Cir. 2012) (internal quotation marks and citations omitted). "[A]n amendment that states an entirely new claim for relief will relate back as long as it satisfies the test embodied in Rule 15(c)(1)(B)." 6A Charles Alan Wright, Arthur R. Miller& Mary Kay Kane, Federal Practice and Procedure § 1497 (3d ed.) (citing, as an example, *Martin v. Virgin Islands Nat. Bank*, 455 F.2d 985, 986 (3d Cir. 1972)).

The original complaint was filed on July 3, 2014. In it, Ms. Tate-Linton alleged counts one and two, but not count three. The original complaint does allege factually, however, that Mr. Hollinger took photographs up Ms. Tate-Linton's skirt without her permission. (Original Compl. ¶¶ 12, 16) The intrusion upon seclusion claim added in the 2AC is based on the same allegations, and I find that the original complaint placed defendants on notice of the relevant facts as required by Rule 15(c). Count three, the intrusion upon seclusion claim, relates back to the date of the original complaint for the purpose of the statute of limitations.

### 3. Statute of limitations

The Supreme Court of New Jersey held that an intrusion upon seclusion action premised on an "injury to the person" (as opposed to an injury to property) "is governed by the two-year statute of limitations set forth in N.J.S.A. 2A:14-2." *Rumbauskas v. Cantor*, 649 A.2d 853, 858 (N.J. 1994). Here, Ms. Tate-Linton complains of an injury to her person, and the two year statute applies.

The original complaint was filed on July 3, 2014; the limitations period therefore stretches back two years, and covers acts on or after July 3, 2012. The end of the date range alleged in count three (as amended) is July 2012. It is true, of course, that this allegation technically straddles the limitations period; acts on July 1 or July 2, 2012, might not be covered. That, however, is

a factual matter that cannot be settled on a motion to dismiss. Because the untimeliness of count three is not established by the allegations of the complaint, I must deny the motion to dismiss. *Bethel, supra,* 570 F.2d at 1174. That denial, however, is without prejudice to raising a statute of limitations defense *via* summary judgment, after discovery.

### IV. CONCLUSION

The defendants' motion to dismiss count three is **DENIED** without prejudice to raising a limitations issue on summary judgment.

Dated: July 13, 2016

_____
**Hon. Kevin McNulty**
**United States District Judge**